UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
JOHN MURPHY,

                    Plaintiff,

        - against -

ANDREW M. SAUL, COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
17-CV-1757 (PKC)

PAMELA K. CHEN, United States District Judge:

Plaintiff John Murphy commenced this action under 42 U.S.C. § 405(g), seeking judicial review of the decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for Disability Insurance Benefits ("DIB"). On September 30, 2019, the Court granted Plaintiff's motion for judgment on the pleadings and remanded the Commissioner's decision for further consideration. Now before the Court is the motion of Plaintiff's counsel, Christopher Bowes, for approval of attorney's fees under 42 U.S.C. § 406(b), in the amount of $55,287.75. The Court grants his request in part, denies it in part, and awards Bowes $16,400 in attorney's fees.

**BACKGROUND**

**I.    Underlying Litigation**

On October 18, 2013, Plaintiff filed an application with the SSA for DIB, in which he alleged he had been disabled as of September 7, 2011. (Administrative Transcript ("Tr."[1]), Dkt. 25, at 128.) His application was denied. (*Id*. at 79–82.) After requesting a hearing (*id*. at

---

[1] Page references prefaced by "Tr." refer to the continuous pagination of the Administrative Transcript and not to the internal pagination of the constituent documents or the pagination generated by the Court's CM/ECF docketing system.

83), Plaintiff appeared before Administrative Law Judge Patrick Kilgannon (the "ALJ") on May 7, 2015 (*id.* at 48). In a decision dated September 23, 2015, the ALJ determined that Plaintiff was not disabled and was therefore not entitled to DIB. (*Id.* at 43.) The ALJ found that Plaintiff could perform light work that did not include exposure to irritants like fumes, odors, dust, gases, and poorly ventilated areas. (*Id.* at 37.) On January 23, 2017, the ALJ's decision became final when the Appeals Council of the SSA's Office of Disability Adjudication and Review denied Plaintiff's request for review of the ALJ's decision. (*Id.* at 1–5.)

On March 24, 2017, Plaintiff retained Bowes to represent him in his appeal of the decision in Federal Court. (*See* Dkt. 34, at ECF[2] 14.) Plaintiff and Bowes signed a fee agreement specifying that Plaintiff would pay Bowes "25% of all retroactive or past due social security disability benefits awarded to [Plaintiff] and any auxiliary beneficiaries under [his] claim." (*Id.*)

On March 29, 2017, Plaintiff timely commenced this action. (*See* Complaint, Dkt. 1; Memorandum & Order ("M&O"), Dkt. 28, at 2 n.2 (explaining timeliness).) On April 9, 2018, the parties filed cross-motions for judgment on the pleadings. (*See* Dkts. 20, 21, 22, 23, 24, and 25.) On September 30, 2019, the Court denied the Commissioner's motion, granted Plaintiff's motion, and remanded to the SSA for further consideration. (*See* M&O, Dkt. 28.)

**II.   Attorney's Fees**

On January 6, 2020, counsel for the parties stipulated that the Commissioner would pay Plaintiff $6,200 in attorney's fees under the Equal Access to Justice Act ("EAJA") and $400 in costs under 28 U.S.C. § 1920. (Dkt. 32-1.) The Court So Ordered the stipulation. (*See* 1/6/2020 Docket Order.)

---

[2] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

2

On May 26, 2021, an SSA ALJ, reviewing Plaintiff's case on remand, issued a decision informing Plaintiff that he was entitled to DIB. (*See* Dkt. 34, at ECF 19.) The ALJ withheld $55,287.63 of the award to pay Plaintiff's representative, noting that the SSA "usually withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee." (*Id.*)

On June 9, 2021, Bowes filed the instant motion seeking $55,287.75 in attorney's fees. (*See* Dkt. 34, at ECF 12.) He billed 32.8 hours on the case (*id.* at ECF 6), so $55,287.75 would amount to an effective hourly rate of $1,685.60.[3]

## DISCUSSION

**I.     Legal Standard**

Title 42, United States Code, Section 406(a) "governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) (quotations omitted). "If the claimant has a fee agreement, subsection [406](a)(2) caps fees at the lesser of 25% of past-due benefits or a set dollar amount[.]" *Id.* (citing 42 U.S.C. § 406(a)(2)(A); Maximum Dollar Limit in the Fee Agreement Process, 74 Fed. Reg. 6080 (2009)).[4]

---

[3] On June 23, 2021, the SSA filed a response to Bowes's motion for attorney's fees. (*See* Dkt. 36.) The SSA noted that Bowes requests $55,287.75 despite that the SSA withheld only $55,287.63, and that the latter amount is 25% of Plaintiff's past-due benefits. (*Id.* at 2.) The SSA "[a]ssum[es] [Bowes] incorrectly calculated 25% of past due benefits and is in fact requesting the true amount of $55,287.63." (*Id.*) Because the Court reduces Bowes's request to $16,400, this apparent miscalculation is immaterial.

[4] "Absent a fee agreement, subsection (a)(1) gives the agency authority to 'prescribe the maximum fees which may be charged for services performed in connection with any claim' before the agency. If the claimant obtains a favorable agency determination, the agency may allot 'a reasonable fee to compensate such attorney for the services performed by him.'" *Culbertson*, 139 S. Ct. at 520 (quoting 42 U.S.C. § 406(a)(1)).

3

"Section 406(b) provides that a court may award a 'reasonable fee' that is 'not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled.'" *Diberardino v. Comm'r of Soc. Sec.*, No. 17-CV-02868 (PKC), 2020 WL 6746828, at *3 (E.D.N.Y. Nov. 17, 2020) (quoting 42 U.S.C. § 406(b)(1)(A)). "The Court's determination of fees requested under § 406(b) 'must begin with the agreement.'"[5] *Id.* (quoting *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)). "The district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." *Id.* (brackets omitted) (quoting *Wells*, 907 F.2d at 371). "To determine whether a fee is 'unreasonable,' a district court should consider: (1) 'whether the contingency percentage is within the 25% cap;' (2) 'whether there has been fraud or overreaching in making the agreement;' and (3) 'whether the requested amount is so large as to be a windfall to the attorney.'" *Id.* (quoting *Wells*, 907 F.2d at 372).

"[C]ourts in this circuit have identified several relevant considerations as to whether a requested award of attorney's fees would constitute a windfall:" (1) "whether the attorney's efforts were particularly successful for the plaintiff;" (2) "whether the effort expended by the attorney is demonstrated through non-boilerplate pleadings and arguments that involved both real issues of material fact and required legal research;" and (3) "whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Id.* at *3 (citing *Rowell v. Astrue*, No. 05-CV-1592 (CBA) (JMA), 2008 WL 2901602, at *4 (E.D.N.Y. July 28, 2008)). "Although the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is

---

[5] "[I]f fee awards are made to the attorney under both the EAJA and § 406(b), the attorney must refund to the plaintiff the amount of the smaller fee award." *Diberardino*, 2020 WL 6746828, at *3.

reasonable." *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002)).

**II.     Analysis**

There are no allegations of fraud or overreaching with respect to the fee agreement between Plaintiff and Bowes, so the only question is whether a fee of $55,287.75 (or $55,287.63) would represent a windfall to Bowes. The Court finds that Bowes's request would result in an enormous windfall and is thus unreasonable.

Although 32.8 hours was a reasonable amount of time to bill on this case,[6] an effective hourly rate of $1,685.60 is grossly unreasonable here. First, courts have reduced awards in similar circumstances.[7] Although Bowes is correct that courts in this Circuit have approved fee awards under Section 406(b) that are above market rates,[8] "the Court must use its own discretion to

---

[6] *See, e.g.*, *Epstein v. Comm'r of Soc. Sec.*, No. 19-CV-3624 (PKC), 2021 WL 1998745, at *3 (E.D.N.Y. May 19, 2021) ("32.6 hours is a reasonable amount of time to work on a social security case in this Court."); *Collins v. Saul*, No. 16-CV-6673 (PKC), 2020 WL 4676353, at *2 (E.D.N.Y. Aug. 11, 2020) (24.5 hours); *Tamburri v. Saul*, No. 16-CV-5784 (PKC), 2019 WL 6118005, at *1 (E.D.N.Y. Nov. 18, 2019) (29.4 hours); *Morris v. Saul*, No. 17-CV-259 (PKC), 2019 WL 2619334, at *1 (E.D.N.Y. June 26, 2019) (32.5 hours); *Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, at *1 (E.D.N.Y. May 28, 2019) (34.9 hours); *Rivera v. Berryhill*, No. 13-CV-5060 (PKC), 2018 WL 2436942, at *1 (E.D.N.Y. May 30, 2018) (39.5 hours); *Colon v. Berryhill*, No. 15-CV-06314 (PKC), 2018 WL 1730335, at *1 (E.D.N.Y. Apr. 9, 2018) (21.8 hours of work); *Karki v. Comm'r of Soc. Sec.*, No. 13-CV-6395 (PKC), 2018 WL 1307947, at *1 (E.D.N.Y. Mar. 13, 2018) (21.1 hours).

[7] *See, e.g.*, *Rivera*, 2018 WL 2436942, at *2 (reducing a request by Bowes for an effective hourly rate of $874.61 to $500); *Benton*, 2007 WL 2027320, at *2–3 (reducing an effective hourly rate of $1,334 to $447.76); *Devenish v. Astrue*, 85 F. Supp. 3d 634, 638–39 (E.D.N.Y. 2015) (reducing an effective hourly rate of $1,000 to $350); *Diberardino*, 2020 WL 6746828, at *5 (reducing an effective hourly rate of $642.29 to $500).

[8] *See, e.g.*, *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3–4 (S.D.N.Y. May 15, 2019) (approving a request of $23,969.88 for 22.2 hours of work, or an hourly rate of $1,079.72); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving a request of $37,993.25 for 37.7 hours of work, or an hourly rate of $1,007.78).

determine 'whether the requested amount is so large as to be a windfall to the attorney[,]'" *Diberardino*, 2020 WL 6746828, at *5 n.4 (quoting *Wells*, 907 F.2d at 372), and, here, does not find that an above-market rate, especially at the level of over $1,600 per hour, is reasonable. Second, as Bowes's time records indicate, his usual hourly rate ranged from $201.59 to $208.34 during the time he worked on this case. Given the circumstances of the representation, the Court thus finds that an award of $16,400, which amounts to an effective hourly rate of $500, would adequately compensate Bowes for the time that he spent on this case, the risks that he accepted in undertaking the representation of Plaintiff on a contingency basis, and the successful result he obtained for his client.

## CONCLUSION

Plaintiff's motion for attorney's fees under Section 406(b) is granted in part, and Bowes is awarded $16,400 in attorney's fees. On receipt of this award from the government, Bowes shall promptly refund Plaintiff $6,200, which represents the EAJA fees already received by counsel.[9] The case remains closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: July 27, 2021
      Brooklyn, New York

---

[9] As the SSA notes in its response to Bowes's motion for attorney's fees (*see* Dkt. 33 at 3), Bowes requests that the Court subtract the $6,200 and award him the remainder (*see* Dkt. 34 at 9). The Court declines this request because "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).